**WO** SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dameon Daley, | No. CV 08-0261-TUC-CKJ |
| Plaintiff, | **ORDER** |
| vs. | |
| United States of America et al., | |
| Defendants. | |

Plaintiff Dameon Daley, who is confined in the Adelanto-Victorville, United States Penitentiary in Adelanto, California, filed this case under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 and 2671-2680. 28 U.S.C. §§ 1346(b), 2679(a).) Defendant moves to dismiss on the grounds of lack of subject matter jurisdiction. (Doc. #12.) Plaintiff responded and Defendant replied. (Doc. ##14, 16.)   Thereafter, the Court sent Plaintiff a Notice advising him of his obligation to respond and giving him additional time to respond. (Doc. #18.)  Plaintiff filed a second response, and Defendant replied. (Doc. ##24, 29.)  The motion is ready for ruling.

The Court will grant the motion and dismiss the case.

**I.    Background**

In his Complaint, Plaintiff raised a single count alleging that Defendants were negligent, violated BOP Policy, and showed wanton and willful disregard for Plaintiff's personal property when Plaintiff was transferred from USP-Marion in Illinois to USP-Victorville in California.  Plaintiff claimed that several items totaling $2,202.00 were

missing. He stated that he presented his claim to the United States Department of Justice, Federal Bureau of Prisons, North Central Regional Office, and it was denied. A copy of the notification of the final denial is attached to the Complaint. Plaintiff seeks monetary damages. The Court directed the United States to answer the Complaint and dismissed the remaining Defendants. (Doc. #5.)

In their Motion to Dismiss, Defendant asserts that (1) Plaintiff's Complaint is untimely because it was not filed within six months of the notification of the final denial of the administrative claim, as required under the FTCA, 28 U.S.C. § 2401(b) and (2) the claim falls within the FTCA's "detention of goods" exception to the United States' waiver of sovereign immunity, 28 U.S.C. § 2680(c). (Doc. #12.)

## II.     Defendants' Motion to Dismiss

### A.     Legal Standards

On a motion to dismiss a complaint for lack of subject matter jurisdiction as a matter of law, the well-pled material facts alleged in the complaint are taken as true. See Orsay v. U.S. Dep't. of Justice, 289 F.3d 1125, 1127 (9th Cir. 2002); Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir. 2005).

Federal courts are "courts of limited jurisdiction" and possess only that power authorized by the Constitution or statute. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (citations omitted). It is "presumed that a cause lies outside this limited jurisdiction"; the burden of establishing jurisdiction is on the party asserting jurisdiction. Id.

"The United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). A waiver of sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996). An action must be dismissed for lack of jurisdiction if suit has not been explicitly

consented to by the United States. Orff v. United States, 358 F.3d 1137, 1142 (9th Cir. 2004) (citing Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985)).

The FTCA waives sovereign immunity for claims arising out of common law torts committed by federal employees. The FTCA authorizes "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Suit must be commenced within six months of the notification of the final denial of the administrative claim. Id. § 2401(b). Specifically,

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

And the waiver is subject to certain specific exceptions, such as for the "detention of goods." Id. § 2680(c). Section 2680(c) provides that the provisions of § 1346(b) do not apply to

> (c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer. . . .

### B. Parties' Contentions

#### 1. Defendant

Defendant asserts that Plaintiff's administrative claim, which Plaintiff attached as an exhibit to his Complaint, was denied by the Bureau of Prisons (BOP) on October 19, 2007. (Doc. #1, Ex. A.) The final denial states that if the claimant is dissatisfied, he must file suit in District Court "no later than 6 months after the date of mailing of this notification." (Id.) Defendant contends that Plaintiff filed suit on April 23, 2008, which is beyond the six-month deadline. (Doc. #12 at 2.) Defendant argues that the requirement for time of filing is "jurisdictional and subject to neither estoppel principles nor to equitable considerations." Berti v. V.A. Hospital, 860 F.2d 338, 340 (9th Cir. 1988). Defendant also asserts that the date of the certified mailing is the starting point for the six-month time frame, citing §

- 3 -

2401(b). According to Defendant, because April 19, 2008, was a Saturday, the period for Plaintiff to timely file expired on Monday, April 21, 2008. (Doc. #12 at 4.)

Defendant further argues that the waivers of sovereign immunity are to be strictly construed in favor of the United States, Foster v. United States, 522 F.3d 1071, 1074 (9th Cir. 2008), and that the FTCA's waiver does not apply to the detention of goods, 28 U.S.C. § 2680(c). It asserts that the exception applies to intentional conduct by federal employees and to "any claim 'arising out of' the detention of goods, and includes a claim resulting from negligent handling or storage of property." Kosak v. United States, 465 U.S. 848, 854 (1984). Defendant further argues that Plaintiff's case is indistinguishable from Ali v. Federal Bureau of Prisons, 128 S. Ct. 831, 834 (2008) in which the Supreme Court rejected an argument that limited the term "law enforcement officer" to only officers enforcing customs or excise laws and upheld the dismissal of a federal prisoner's suit for loss of personal property through negligence of BOP officers during transport from one prison facility to another. Id. at 841.

### 2. Plaintiff

In his initial response, Plaintiff asserts that under the mail box rule, see Houston v. Lack, 487 U.S. 266 (1988), his Complaint, which is dated April 17, 2008, was timely filed. (Doc. #14 at 1-2.) As to the sovereign immunity exception, he argues that § 2680(c) applies to assessment or collection of tax or customs duty and the detention of goods by law enforcement officers. (Id. at 2.) He further argues that immunity does not extend to law enforcement officers who violate law or disregard policy by stealing or willfully destroying private property, citing Kosak, 465 U.S. 848, and Foster v. United States, 522 F. 3d 1071 (9th Cir. 2008). (Id.) He argues that his case is distinguishable from Ali because his suit is against "the United States and her Agents due to the latter's violation of, and disregard for protocol and policy which resulted in Plaintiff being harmed. . . ." (Id. at 3.) He asserts that his case has nothing to do with the detention of goods. (Id.)

In his second response, Plaintiff reasserts that his Complaint was timely, relying on Dusenberry v. United States, 534 U.S. 161 (2002). (Doc. #24 at 1-2.) As to Defendant's exception-to-the-waiver argument, Plaintiff asserts that "a discretionary function or judgment" was not at issue, referring to 28 U.S.C. § 2680(a). (Id. at 2-4.) He further argues that Defendant has not pointed to a single regulation or policy authorizing its employees actions. (Id. at 4.)

### 3. Reply

In its initial reply, Defendant argues that because the filing deadline is a condition of the FTCA's limited waiver of sovereign immunity, the deadline should not be expanded by the mailbox rule. (Doc. #15 at 1-4.) Defendant contends that the Ninth Circuit has not applied the mailbox rule to FTCA claims, although it acknowledges that at least one other circuit has done so, see Garvey v. Vaughn, 993 F.2d 776 (11th Cir. 1993). (Id. at 3.) Defendant argues that in Vacek v. United States Postal Service, 447 F.3d 1248 (9th Cir. 2006), for purposes of the timely presentation of an administrative claim under the FTCA, the court rejected the application of the rebuttable presumption under the mail box rule that a document that has been properly and timely mailed has been received by the addressee. The Ninth Circuit affirmed the district court's dismissal of the claim where the agency had evidence that there was no record of receipt of the claim even though the plaintiff offered evidence that he had mailed it. Id. at 1251.

Defendant also reasserts that even if the Complaint is timely, the suit fails because the waiver of immunity does not apply to claims arising out of the detention of goods by law enforcement officers. (Id. at 5.) Defendant argues that the detention-of-goods exception is broadly construed and that Plaintiff's case falls squarely within the exception. It further argues that breach of a regulation or policy is not, by itself, actionable under the FTCA, see Love v. United States, 60 F.3d 642, 644 (9th Cir. 1995), and that the FTCA maintains "sovereign immunity for the entire universe of claims against law enforcement officers . . . arising in respect of the detention of property," Foster, 522 F. 3d. at 1079 (quoting Ali, 128

1  S. Ct. at 841).  (Id. at 5.)  In addition, Defendant asserts that Plaintiff's argument that the
2  discretionary-function exception does not bar his claim misses the point because Defendant
3  relies on the detention-of-goods exception.  (Doc. #29 at 2.)

**C.    Analysis**

The Court will grant Defendant's motion on the ground that Plaintiff's claim is barred by the FTCA's exception for detention of goods by any law enforcement officer.  28 U.S.C. § 2860(c).  It is well settled that § 2860(c) bars "any claim 'arising out of' the detention of goods, and includes a claim resulting from the negligent handling or storage of detained property."  Kosak, 465 U.S. at 854.  In Kosak, the Supreme Court rejected the petitioner's argument that the exception applied only to damage caused by the detention itself and not to the negligent destruction of property while in the possession of the customs service.

Likewise, in Ali, the Supreme Court held that the scope of the waiver covers all law enforcement officers, including employees of the BOP.  128 S. Ct. at 834.  The plaintiff in Ali was a federal prisoner, who, before being transferred from one BOP facility to another, left two duffle bags containing personal property at the first prison to be inventoried, packaged, and shipped to the second.  After receiving and inspecting his property at the second facility, he noticed that items were missing, and he filed an administrative tort claim, which was denied.  He then filed suit under the FTCA, and the district court dismissed the claims on the ground that they were barred by the exception in § 2680(c).  The Court rejected the plaintiff's argument that the exception only applied to officers enforcing customs or excise laws.

The Court finds here that Plaintiff's claims fall within those barred under Ali. Although Plaintiff argues that his case does not involve the detention of goods but rather the violation of policies and protocols, the Court disagrees.  The Supreme Court has stated that the FTCA "maintains sovereign immunity for the entire universe of claims against law enforcement officers . . . 'arising in respect of' the 'detention' of property," and it was assumed that the prisoner/plaintiff's claims in Ali arose in respect of the detention of his

- 6 -

property. See also Kosak, 465 U.S. at 854. And violations of regulations or protocols are not, by themselves, actionable under the FTCA. See Love, 60 F. 3d at 644. Plaintiff's claim that the detention-of-goods exception does not apply to officers who violate the law by stealing or willfully destroying private property is unavailing; the Complaint does not assert that Plaintiff's property was stolen or deliberately destroyed. (Doc. #1.) Likewise, his argument that Defendants have not pointed to anything authorizing its employees actions is without merit—they are immune from suit. Finally, his arguments regarding the discretionary-function exception to waiver are irrelevant to Defendants' reliance on the detention-of-goods exception. The Court will grant Defendant's motion.

**IT IS ORDERED:**

(1) Defendant's Motion to Dismiss (Doc. #12) is **granted**.

(2) All pending motions are **denied as moot**.

(3) This action is terminated, and the Clerk of Court must enter judgment accordingly.

DATED this 17th day of April, 2009.

_____
Cindy K. Jorgenson
United States District Judge